OSCN Found Document:IN RE PILOT PROGRAM FOR VIDEOCONFERENCING IN DISTRICT COURT

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 IN RE PILOT PROGRAM FOR VIDEOCONFERENCING IN DISTRICT COURT
2014 OK 60
Decided: 06/23/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 60, __ P.3d __
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 
In re Pilot Program for Videoconferencing in the District Court
ORDER CREATING PILOT PROGRAM FOR VIDEOCONFERENCING IN 
DISTRICT COURT AND ADOPTION OF RULES FOR VIDEOCONFERENCING
 PILOT PROGRAM
¶1 THIS COURT DETERMINES:
(1) "Videoconferencing" is an interactive technology that sends video, voice, and data signals over a transmission circuit so that two or more individuals or groups can communicate with each other simultaneously using video monitors.
(2) The Administrative Office of the Courts, Management Information Services Division, currently provides a transmission circuit to each county courthouse in the State of Oklahoma in order to provide case management and other data services to the District Court.
(3) The remoteness of many District Court locations makes it difficult for judges, counsel, litigants, witnesses, and court personnel to be physically present at court proceedings.
(4) A shortage of court reporters and court interpreters currently exists in the courts of Oklahoma, particularly in more remote areas of the state.
(5) Videoconferencing technology could greatly benefit the operation of the District Court in the State of Oklahoma through remote placement of judges, counsel, litigants, witnesses, court reporters, and court interpreters.
(6) In order to assess the benefits of videoconferencing, a pilot project is needed from which to develop the best practices and determine the most appropriate technology and equipment with which to develop a statewide videoconferencing plan.
(7) The counties of Beaver, Le Flore, McCurtain, Texas, and Washington are the appropriate locations in which to conduct a pilot program of videoconferencing in the District Court.
(8) Rules for the pilot program are needed to insure there is no abridgement of fundamental rights of litigants, crime victims, and the public. Further, such rules are needed to insure there is no unfair shifting of costs, nor loss of the fairness, dignity, solemnity, and decorum of court proceedings, which is essential to the proper administration of justice.
¶2 IT IS THEREFORE ORDERED:
(1) A Videoconferencing Pilot Program is hereby established in the District Court in Beaver, Le Flore, McCurtain, Texas, and Washington counties.
(2) One courtroom in each pilot county will be equipped with videoconferencing equipment provided by the Administrative Office of the Courts.
(3) The following rules governing the Videoconferencing Pilot Program are hereby adopted to be codified at Part XIII of the Oklahoma Supreme Court Rules, Okla. Stat. tit. 12, app.1, and are attached as an exhibit to this Order.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 23rd day of June, 2014. 
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR
Part XIII. Rules for Videoconferencing Pilot Program
Rule 1.500 - Intent, Purpose, and Definitions 
(a) It is the intent of the Supreme Court of the State of Oklahoma that the benefits of videoconferencing technology should be assessed through a pilot program before statewide implementation in the District Court. The use of videoconferencing capability shall be consistent with the limitations of the technology, the rights of litigants and other participants in all matters before the courts. The Court finds the benefits of videoconferencing technology include, but are not limited to, employee placement and management of court resources by allowing court reporter flexibility to all courts of the state, decreased travel and transportation costs, minimizing judicial delay by reason of the unavailability of local court reporters as well as decreased impact on court security. In addition the availability of videoconferencing technology will provide greater access and availability to court approved interpreters, thereby preserving court assets in reducing the costs to the courts and litigants while enhancing access to the courts for the public. 
(b) In declaring this intent, the Supreme Court further finds that improper use of videoconferencing technology in situations in which the technical and operational standards set forth in these rules are not met may result in abridgement of fundamental rights of litigants, crime victims and the public and may cause unfair shifting of costs and the loss of the fairness, dignity, solemnity, and decorum of court proceedings, which is essential to the proper administration of justice.
(c) For purposes of these Rules the following definitions shall apply:
(1) "videoconferencing" is defined as an interactive technology that sends video, voice and data signals over a transmission circuit so that two or more individual or groups can communicate with each other simultaneously using video monitors, and
(2) "participants" include litigants, crime victims, counsel, witnesses while on the stand, essential court staff and interpreters, but excludes other interested persons and the public at large.
COMMENTS: This section is intended to provide a clear statement of the Court's intent concerning such use which should be helpful guidance to litigants counsel, interpreters, and district and appellate courts in interpreting and applying these rules.
Rule 1.501 - General Provisions
The Supreme Court hereby authorizes and approves the use of videoconferencing in the pilot counties, as set forth in the following general provisions:
(1) Proceedings conducted by videoconferencing shall be conducted in the same manner as if the parties had appeared in person, and the presiding judicial officer may exercise all powers consistent with the proceeding.
(2) In any proceeding conducted by videoconference, the remote location(s) shall be considered an extension of the courtroom. A proceeding conducted by videoconference shall be deemed to be held before the presiding judicial officer or court reporter that can see and hear the witness and all other participants.
(3) An oath administered by the presiding judicial officer or court reporter to a witness, interpreter, or a party in a proceeding conducted by videoconference shall have the same force and binding effect as if the oath had been administered to a person physically present in the courtroom.
(4) In any proceeding conducted by videoconference, a court reporter who can see and hear the witness and other participants may administer oaths, record notes and transcribe the proceeding without being physically present in the same locale as the judge or the remote participants.
(5) In any proceeding conducted by videoconference, an interpreter who can see and hear the witness and other participants may provide interpreter services in the proceeding without being physically present in the same locale as the judge or the remote participants. 
(6) Any system used for conducting proceedings by videoconferencing shall conform to the following minimum requirements:
a. Participants shall be able to see, hear, and communicate with each other simultaneously;
b. Participants shall be able to see, hear, and otherwise observe any physical evidence or exhibit presented during the proceeding;
c. Video and sound quality shall be adequate to allow participants to observe demeanor and nonverbal communications and to clearly hear what is taking place in the courtroom to the same extent as if they were present in the courtroom;
d. The location from which the trial judge is presiding shall be accessible to the public to the same extent as the proceeding would be if not conducted by videoconference; and
e. A private communication facility (cellphone, landline, facsimile, Skype, etc.) shall be available to allow a party and the party's attorney to communicate privately during the proceeding.
(7) Any pleading or other documents used in a proceeding conducted by videoconferencing may be transmitted between the courts location and any remote site by electronic means, including, but not limited to, facsimile or email. Signatures on any document transmitted by electronic means shall have the same force and effect as an original signature.
(8) Any original exhibit offered and/or admitted into evidence from a remote site shall be transferred by the moving party to the presiding officer of the court proceedings or the court reporter within two business days of the close of the proceedings.
(9) Any stipulation/waiver of any right to be present in the courtroom shall be obtained at the commencement of the proceedings, either on the record or in writing. A written stipulation/waiver shall be filed in the case and made a part of the record.
(10) These Rules authorize the use of videoconferencing in all stages of civil or criminal proceedings.
(11) In all other respects, a proceeding conducted using videoconferencing technology shall be conducted in the same manner as any proceeding conducted in person at one site as presently provided for by existing district court rules.
COMMENTS: This section is intended to establish technical and operational standards for the use of videoconferencing technology within the pilot program.
Rule 1.502 - Court's Discretion
The court may consider one or more of the following criteria in determining whether to permit the use of videoconferencing technology in a particular case:
(1) Whether any undue surprise or prejudice would result;
(2) Whether the proponent of the use of videoconferencing technology has been unable, after diligent effort, to procure the physical presence of a witness;
(3) The convenience of the parties and the proposed witness, and the cost of producing the witness in person in relation to the importance of the offered testimony;
(4) Whether the procedure would allow for full and effective cross-examination, especially where such cross-examination would involve documents or other exhibits;
(5) The importance of the witness being personally present in the courtroom where the dignity, solemnity, and decorum of the surroundings will impress upon the witness the duty to testify truthfully;
(6) Whether a physical liberty or other fundamental interest is at stake in the proceeding;
(7) Whether the court is satisfied that it can sufficiently know and control the proceedings at the remote location so as to effectively extend the courtroom to such location;
(8) Whether the participation of an individual from a remote location presents such person in a diminished or distorted sense such that it negatively reflects upon such individual to persons present in the courtroom;
(9) Whether the use of videoconferencing diminishes or detracts from the dignity, solemnity, and formality of the proceeding such as to undermine the integrity, fairness, and effectiveness of such proceeding;
(10) Whether the person proposed to appear by videoconferencing presents a significant security risk to transport and present personally in the courtroom;
(11) Waivers and stipulations of the parties offered and agreed upon; and
(12) Such other factors as the court may, in each individual case, determine to be relevant.
COMMENTS: This section is intended to provide the court broad discretion to consider the use of videoconferencing technology when the technical and operational standards are satisfied.
Rule 1.503 - Use in Civil Cases and Special Proceedings
(a) Subject to the provisions and criteria set forth in Rule 1.501, and to the limitations of subsection (b), a court may, on its own motion or at the request of any party, in any civil case or special proceeding permit the use of videoconferencing technology in any pre-trial, trial, or post-trial proceedings, including administrative appeals.
(b) A proponent of a witness via videoconferencing technology at any hearing or trial shall file a notice of intent to present testimony by videoconferencing technology thirty days prior to the scheduled start of such proceeding. Any party may file an objection to the testimony of such witness by videoconferencing technology within ten days of the filing of the notice of intent. If the time limits of the proceeding do not permit such time periods, the court may in its discretion shorten the time to file notice of intent and objection. The court shall determine the objection in the exercise of its discretion considering the criteria set forth in Rule 1.502.
COMMENTS: Civil cases and special proceedings in general pose few problems of constitutional dimension concerning the use of videoconferencing technology and offer litigants the potential of significant savings in trial expenses. Where objections are raised, the rule provides the district court will resolve the issue pursuant to the standards and decisional guidance set out in Rule 1.501 and Rule 1.502.
Rule 1.504 - Use in Criminal Cases and Proceedings
(a) Subject to the standards and criteria set forth in Rule 1.501 and Rule 1.502 and to the limitations of subsection (b) and (c), a court may, on its own motion or at the request of any party, and in any criminal case permit the use of videoconferencing technology in any pre-trial, trial or fact-finding, or post-trial proceeding.
(b) Except as may otherwise be provided by law, a defendant in a criminal case retains the right to be physically present in the courtroom at all critical stages of the proceedings.
(c) A proponent of a witness via videoconferencing technology at any hearing shall file a notice of intent to present testimony by videoconference technology twenty days prior to the scheduled start of such proceeding. Any party may file an objection to the testimony of such witness by videoconference technology within ten days of the filing of the notice of intent. If the time limits of the proceeding do not permit such time periods, the court may in its discretion shorten the time to file a notice of intent or objection.
COMMENTS: It is the intent of this section to protect the rights of criminal defendants while allowing the use of videoconference technology. The section is not intended to create new rights in defendants to be physically present. It is intended to preserve constitutional rights to confront witness and effectively cross-examine witnesses while providing a cost effective alternative to the physical presence of a witness in the courtroom.
Rule 1.505 - Waivers and Stipulations
Parties to court proceedings may waive any right provided in these rules, or may stipulate to any different or modified procedure as may be approved by the court.
COMMENTS: The intent of this section is to permit litigants to take advantage of videoconferencing technology in a matter before the court regardless of whether the provisions of these rules would otherwise permit such use, as long as the parties are in agreement to do so and the court approves.
Rule 1.506 - Applicability
These rules shall govern the procedure, practice, and use of videoconferencing in the district courts of the pilot counties only. They are not intended to affect the statutory authorization for the limited uses of videoconferencing technology found in the Judge Gary Dean Courtroom Technology Act, Okla. Stat. tit. 20, §§ 3005 & 3006 (2011), or the Uniform Child Witness by Alternative Methods Act, Okla. Stat. tit. 12, §§ 2611.3 through 2615 (2011). These rules do not control the use of videoconferencing in case management, settlement conferences, continuing legal education, or court administration. The use of non-video telephone communications otherwise permitted by specific statute and rule shall not be affected by these rules, and shall remain available as provided in such statute and rule.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Title 12. Civil Procedure Cite
Name
Level 12 O.S. RULE 1.500, Intent, Purpose, and Definitions
Cited 12 O.S. RULE 1.501, General Provisions
Cited 12 O.S. RULE 1.502, Court's Discretion
Cited 12 O.S. RULE 1.503, Use in Civil Cases and Special Proceedings
Cited 12 O.S. RULE 1.504, Use in Criminal Cases and Proceedings
Cited 12 O.S. RULE 1.505, Waivers and Stipulations
Cited 12 O.S. RULE 1.506, Applicability
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.